IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

INNOSPEC LTD.,

        Plaintiff,

v.                                                        Civil Action No. 3:14cv158-JAG

ETHYL CORPORATION,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the court on the defendant's Motion to Dismiss for Lack of Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Dk. No. 11.)

Innospec, Ltd., seeks a declaratory judgment stating that it has the right to terminate its requirements contract with Ethyl Corporation on the basis of changed, previously unforeseeable economic conditions. Because the complaint demonstrates a substantial and immediate legal dispute, the Court exercises its discretion to hear the matter, and DENIES the motion to dismiss.

### I. Material Facts

Innospec, a fuel additive manufacturer, entered a contract in 1998 to supply Ethyl tetraethyl lead ("TEL"), a lead-based fuel additive. The contract requires Innospec to sell TEL to Ethyl to meet Ethyl's market demands for as long as Innospec continues to manufacture or supply TEL. In 2007, the parties amended the contract, tying the price of TEL to the United Kingdom retail price index, but placing no other caveats on Innospec's obligation to sell TEL to Ethyl for as long as Innospec manufactures the additive and Ethyl expresses a desire to purchase it.

Unfortunately for Innospec, the worldwide market for TEL has changed significantly since the additive's halcyon days as an essential additive in both motor vehicle and aviation fuel. Today, only Algeria still permits the use of leaded motor fuel. While TEL continues to be used in

aviation fuel worldwide, Innospec insists that these unanticipated changes in the market have rendered its production of TEL no longer "reasonable or commercially viable." Innospec further asserts that *when* (not if) Algeria joins the international movement away from TEL, Innospec will be forced to sell TEL to Ethyl at a loss.

Innospec thus asks the Court for a declaratory judgment that Innospec possesses the right to terminate its contract with Ethyl.

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) places the burden on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). A Rule 12(b)(1) motion may challenge subject matter jurisdiction in two different ways. *Adams*, at 1219. The defendant's motion, which contends that the Complaint fails to allege facts upon which subject matter jurisdiction can be based, constitutes the facial attack variety. *See id.* The Court accordingly affords the plaintiff the procedural protection it would be entitled to under a Rule 12(b)(6) consideration, and presumes the truth of the facts asserted in the Complaint. *Id.*

## III. Discussion

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] 28 U.S.C. § 2201.

---

[1] The Act's "case of actual controversy" caveat requires that the proposed legal disputes satisfy Article III's justiciability requirements (e.g., ripeness). *MedImmune*, 549 U.S. at 127.

2

This Court may exercise jurisdiction in a declaratory judgment proceeding upon a finding of three essential elements:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). Ethyl challenges only the first element, arguing that the dispute is not yet ripe for judicial review. Ethyl's challenge fails, and its motion to dismiss is denied.

The plaintiff, to demonstrate the existence of an "actual controversy," must show that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation omitted).

The Complaint satisfies each *MedImmune* requirement. The parties are at a current impasse, one freighted with substantial financial and logistical repercussions, on the issue of whether Innospec has the right to terminate the contract based upon changed economic conditions. Innospec wishes to be released from its contractual obligations; Ethyl insists upon Innospec's continued adherence.[2]

---

[2] The absence of pending litigation does not matter; the Court does not doubt that were Innospec to cease performance under the contract, Ethyl would seek to compel compliance through the courts in short order. *See Standard Fire Ins. Co. v. Armstrong*, No. 3:12cv181-HEH, 2012 WL 3730644, at *3 (E.D. Va. Aug. 28, 2012) ("The Fourth Circuit has recognized that in certain circumstances, the threat of future litigation may give rise to an actual controversy)" (citing *Volvo Constr. Equip. N. Am.*, 386 F.3d at 593 n. 12); *Apotex, Inc. v. Novartis AG*, No. 3:06-cv-698, 2007 WL 5493499, at *4 (E.D. Va. Sept. 4, 2007) ("The standard established by *MedImmune* differs from that used by the Federal Circuit, and therefore has abrogated the 'reasonable apprehension of imminent suit' analysis.").

Ethyl's primary objection relates to *MedImmune*'s "sufficient immediacy" requirement, an argument given life by Innospec's pleading that "Innospec has the right to terminate the Agreement *now* . . . but in any event, *not later than* [the indeterminate occurrence of a future event]." (Compl. ¶ 12.) (emphasis added).

"Although declaratory judgments are frequently sought in advance of the full harm expected, they must still present a justiciable controversy rather than abstract, hypothetical or contingent questions." *Miller v. Augusta Mut. Ins. Co.*, 157 F. App'x 632, 637 (4th Cir. 2005) (internal quotations omitted). Innospec pleads that it currently suffers harm and has an *immediate* right to relief. This claim of immediate harm and an immediate right is unaffected by its succeeding assertion that its injury will soon grow more severe.[3] Innospec's claimed right to terminate immediately satisfies *MedImmune*'s "sufficient immediacy" prong.[4]

Ethyl insists that the Court apply a "fitness and hardship" analysis to Innospec's complaint. *See Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013). *MedImmune*'s succinct framework for analyzing the existence of an "actual controversy" encompasses—not omits—consideration of these factors, and Ethyl's reliance on such a test is correspondingly misplaced.[5] Regardless, an explicit application of that test does not benefit Ethyl: the issues before the Court, as previously noted, are "fit for judicial decision," and Ethyl makes no attempt to (1) counter Innospec's assertion that it is suffering

---

[3] Innospec's use of the phrase "but in any event" should be read as an admission that its case for relief might be viewed as *stronger* upon Algeria's (eventual) renunciation of TEL in motor vehicle fuel, *not* that Innospec does not possess a right to relief at present (regardless of Algeria's actions).

[4] To be clear, the Court gives no weight to Innospec's claim of later injury. The Complaint survives on the basis of its claim of immediate, *present* harm, not future Algerian fuel policy.

[5] A conclusion reached by a plethora of Fourth Circuit district courts. *See, e.g., Carter v. Am. Note Servicing*, No. 5:14-CV-00003, 2014 WL 2002829, at *2 (W.D. Va. May 15, 2014); *Shore Bank v. Harvard*, 934 F. Supp. 2d 827, 837 (E.D. Va. 2013); *Artful Color, Inc. v. Hale*, 928 F. Supp. 2d 859, 861 (E.D.N.C. 2013); *Standard Fire Ins. Co. v. Armstrong*, No. 3:12-CV-181, 2012 WL 3730644, at *3 (E.D. Va. Aug. 28, 2012); *Apotex, Inc. v. Novartis AG*, No. 3:06-CV-698, 2007 WL 5493499, at *4 (E.D. Va. Sept. 4, 2007).

4

ongoing financial hardship, or (2) to argue that Ethyl would suffer comparable hardship from the Court's decision to *hear* the case.

Innospec's Complaint thus demonstrates the existence of an immediate, substantial actual controversy between parties of "adverse legal interests." *MedImmune*, 549 U.S. at 127.

## IV. Conclusion

For the reasons set forth above, the Court DENIES the defendant's motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: July 29, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge